## Parkhurst *v.* Dunlap.

In proceedings on attachment in nature of distress for rent in arrear, when the defendant in attachment replevies the property, it is not necessary for the plaintiff in attachment to file a declaration.

IN ERROR from the circuit court of the county of Adams.

Sanders for plaintiff in error.

TURNER, Justice.

This is a case of distress for rent, under our statute. The proceeding is in nature of an attachment. The landlord claiming rent makes affidavit of his claim, and gives bond in the nature of an attachment bond.

The tenant has the right to replevy the property attached or distrained, which, in this case, was done.

It seems that on the return of the attachment into the circuit court of Adams county, at June term, 1840, the defendant in the attachment moved the court to dismiss the cause for want of a declaration; that the court sustained the motion, and dismissed the suit, at the cost of the plaintiff, Parkhurst.

The statute on this subject, Rev. Code, 168 to 174, directs the mode of proceeding in attachments for rent, and directs that on the attached or distrained property being replevied, and the replevin being returned into court, the court shall cause an issue to be made up, on the writ of replevin, to be tried at the return term as a privileged suit.

The act does not require the landlord to file a declaration. If the property attached or distrained by the sheriff is not replevied, the sheriff is required to sell it on a short credit, without the judgment of the court. But if replevied, the cause goes into court, where the parties litigate the matter on issue joined.

49*

Parkhurst *v.* Dunlap.

The court erred in sustaining the motion to dismiss. An issue should have been ordered, and if the landlord or plaintiff in attachment would not join in the issue, he might have been non-suited by order of court.

The better course of practice under these statutes would be to assimilate this proceeding to other cases of attachment, after the property is replevied—for the plaintiff, on the return, to file his declaration and tender an issue. And such has been the practice in some of our circuit courts. Walker's Rep. 170, 358.

The judgment is reversed and cause remanded for further proceedings.